DECISION
In November of 1998, Jonathan W. Nooks, Jr., was indicted on two counts of aggravated murder with death penalty specifications, one count of aggravated robbery and one count of having a weapon while under disability. He entered a plea of "not guilty" at arraignment and two attorneys were appointed to represent him. One of the attorneys was a representative of the Franklin County Public Defender's Office, but later a conflict arose and an attorney in private practice was appointed as new lead counsel.
The attorneys representing Mr. Nooks pursued discovery diligently, using the assistance of a private investigator. A significant number of pre-trial motions were filed.
Finally, a plea agreement was reached under the terms of which Mr. Nook was permitted to plead guilty to one count of aggravated murder with a firearm specification. His sentence on this charge was twenty years to life, with an additional three years of incarceration for the firearm specification.
Mr. Nooks also agreed to plead guilty to aggravated robbery. His sentence on this charge was five years of incarceration, to be served consecutively to the sentence on the aggravated murder charge.
The trial court accepted the plea and sentenced Mr. Nooks in accord with the plea agreement. The guilty pleas resulted in Mr. Nooks avoiding the possibility of being executed.
After Mr. Nooks began serving his prison sentence, he filed a notice of appeal. Counsel was again appointed to represent him. A single assignment of error has been presented for our review:
 THE TRIAL COURT ERRED BY ENTERING JUDGMENT OF CONVICTION BASED UPON A GUILTY PLEA THAT WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY.
The record before us indicates that Mr. Nooks knowingly, intelligently and voluntarily entered guilty pleas to the two charges. A detailed written plea of guilty was prepared and executed by both Mr. Nooks and the attorneys representing him.
The trial judge took great care in conducting plea proceedings in accord with Crim.R. 11. Upon inquiry from the trial judge, lead defense counsel indicated that he had reviewed the plea form with Mr. Nooks "line by line." (Tr. 40.) The second defense counsel agreed.
The trial court also addressed Mr. Nooks personally and discussed the rights being waived and the sentence to be imposed.
The trial judge asked the prosecution to give a statement of the facts underlying the criminal charges. The facts presented indicated that Mr. Nooks shot and killed Thomas Davis during the process of robbing Mr. Davis. The only disagreement as to facts was whether, after having shot Mr. Davis with a shotgun, Mr. Nooks threatened to shoot Mr. Davis a second time. No questions were asked at the plea proceedings which would suggest that Mr. Nooks did not purposely cause the death of Mr. Davis or that Mr. Nooks had intentions other than robbery when the shooting occurred.
The record before us demonstrates knowing, intelligent and voluntary guilty pleas. The single assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and BRYANT, JJ., concur.